**Kenneth Holt KRAUSE, Jr., Petitioner—Appellant,**

v.

**William A. PERRILL, Warden, Respondent—Appellee.**

No. 00–35535.

D.C. No. CV–99–1698–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Kenneth Holt Krause, Jr., a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Reviewing de novo, *see Bowen v. Hood,*

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

202 F.3d 1211, 1218 (9th Cir.2000), *cert. denied,* 531 U.S. 1111, 121 S.Ct. 854, 148 L.Ed.2d 769 (2001), we affirm.

Krause contends that his federal sentence should have run concurrently with his state sentence. However, because the district court made no indication to the contrary, Krause's federal sentence properly ran consecutively to his prior state sentence. *See* 18 U.S.C. § 3584(a); *United States v. Chea,* 231 F.3d 531, 535 (9th Cir.2000) ("[I]n the absence of an order to the contrary, a federal sentence is to run consecutively to a prior state sentence.").

Krause next argues that when federal authorities released him back to state authorities after a brief transfer, the federal authorities relinquished the right to have him serve his federal sentence. This contention is unpersuasive. Because Krause's transfer was pursuant to state prison authorities' belief, albeit possibly erroneous, that Krause was required to attend court proceedings in federal court, the transfer lacked the unconditional quality necessary to end the State's primary jurisdiction. *See* 28 U.S.C. § 3585(a); *Taylor v. Reno,* 164 F.3d 440, 445 (9th Cir.1998); *Thomas v. Brewer,* 923 F.2d 1361, 1367 (9th Cir. 1991) (stating that when a prisoner is surrendered to federal authorities on a federal writ rather than to begin serving his federal sentence, federal custody does not begin). Accordingly, the State's primary jurisdiction continued throughout the period in question, and Krause's federal sentence did not then commence.

Finally, because Krause received credit against his state sentence for the time he was temporarily transferred to the care of federal authorities and for the subsequent six months he served back in state prison, he is not entitled to credit against his

federal sentence for those periods. *See* 18 U.S.C. § 3585(b); *United States v. Von-Willie,* 59 F.3d 922, 930–31 (9th Cir.1995) (holding that time spent on a federal writ need not be credited against a federal sentence if it has been credited to a state sentence and the federal sentence is to run consecutively to the state sentence).

AFFIRMED.

\*\* This disposition is not appropriate for publi-